Williams v. Olsen

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

ELLAZAR WILLIAMS,

*Plaintiff-Appellee*,

v.                                                              No. 22-3008

JAMES OLSEN, CITY OF ALBANY
POLICE DETECTIVE,
CHRISTOPHER CORNELL, CITY
OF ALBANY POLICE DETECTIVE,
LAWRENCE HEID, CITY OF
ALBANY POLICE DETECTIVE,

1

*Defendants-Appellants*,

JOHN DOES 23-25, CITY OF ALBANY,

*Defendant*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLEE:            Julie A. Nociolo, James C.
                                   Knox, E. Stewart Jones Hacker
                                   Murphy, LLP, Troy, NY


FOR DEFENDANTS-APPELLANTS:         Stephen J. Rehfuss, The
                                   Rehfuss Law Firm, P.C.,
                                   Latham, NY

Appeal from an order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is REVERSED in part, the appeal is DISMISSED in part, and the case is REMANDED for further proceedings consistent with this order.

Appellants Detective James Olsen, Detective Christopher Cornell, and Detective Lawrence Heid appeal from a November 1, 2022 order of the United States District Court for the Northern District of New York (Kahn, *J*.) denying Appellants' motion for summary judgment premised on a qualified immunity

defense and permitting Plaintiff-Appellee Ellazar Williams' § 1983 claims of excessive force and false arrest to proceed. On interlocutory appeal, Appellants argue that the District Court incorrectly determined that genuine disputes of material fact exist as to whether Appellants used constitutionally excessive force against Williams and had probable cause, or at least arguable probable cause, to arrest him. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to dismiss in part and reverse in part.

## DISCUSSION

We review a district court's summary judgment ruling *de novo* and in the light most favorable to the non-moving party. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013). Summary judgment is appropriate "only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quotation marks omitted).

### I. Excessive Force

Appellants first argue that, contrary to the District Court's order, they are entitled to qualified immunity on Williams' excessive force claim. We have "jurisdiction to review an interlocutory order denying qualified immunity so

3

long as defendants pursue the appeal on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find." *Francis v. Fiacco*, 942 F.3d 126, 139 (2d Cir. 2019) (quotation marks omitted). But we lack "jurisdiction to review a denial of qualified immunity to the extent it is based on a district court's finding that there is enough evidence in the record to create a genuine issue as to factual questions that are, in fact, material to resolution of the qualified immunity claim." *Doninger v. Niehoff*, 642 F.3d 334, 352 (2d Cir. 2011).

We lack jurisdiction to consider the District Court's order relating to the excessive force claim because Appellants' entitlement to qualified immunity as to that claim turns on disputed facts. As the District Court noted, the parties dispute the following facts, among others: whether Williams was holding a weapon in his hand such that it would have been visible to the officers at any point during the pursuit, ignored Detective Olsen's instructions to get on the ground and drop the weapon, and ran toward Detective Olsen at any point. On appeal, the parties also continue to dispute the distance between Detective Olsen and Williams when Detective Olsen shot Williams. Appellants thus have not argued that they would be entitled to qualified immunity as a matter of law

4

under Williams' version of the facts. *See Tierney v. Davidson*, 133 F.3d 189, 194 (2d Cir. 1998) (noting that for the court of appeals to have appellate jurisdiction, a defendant must show that "he is entitled to qualified immunity even under plaintiff's version of the facts"). We therefore dismiss the appeal with respect to Williams' excessive force claim for lack of appellate jurisdiction.

## II.    False Arrest

Appellants next contend that the District Court erred in denying summary judgment on Williams' false arrest claim. We agree. Because Appellants invoke a qualified immunity defense, they need only show "arguable" probable cause for Williams' arrest. *Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016). Arguable probable cause to arrest exists "if either (a) it was objectively reasonable for the officer[s] to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Id.* (quotation marks omitted).

Here, it is undisputed that Appellants had knowledge of a 911 call in which a witness reported that a man wearing a "grey hoodie and dark faded jeans," who had a gun, "was threatening people" outside of a store "and threw glass and water bottles at the front door" of the store. App'x at 27. It is also

undisputed that Williams matched the physical description of the suspect; that Williams was seen by the officers on a street corner near the store shortly after the 911 call; that Williams ran away when the officers approached him; that the officers later learned before arresting Williams that the store owner and another store employee each made a statement to police that the suspect flashed a gun and told the store owner that he would "put a burner in [him]," *id.*; and that the store owner later identified Williams in a photo lineup as the suspect. We conclude that these facts gave officers at least arguable probable cause to arrest Williams for criminal possession of a weapon in the fourth degree based on his threatening the store owner with a gun under New York Penal Law § 265.01(2), which provides in relevant part that a person is guilty of that offense when "[h]e or she possesses any . . . dangerous or deadly instrument or weapon with intent to use the same unlawfully against another." N.Y. Penal Law § 265.01(2); *see Triolo v. Nassau County*, 24 F.4th 98, 108 (2d Cir. 2022). And because this determination is based solely on undisputed facts, we have jurisdiction over this aspect of the appeal. *See Francis*, 942 F.3d at 139. We therefore reverse the judgment of the District Court denying summary judgment to Appellants on Williams' false arrest claim.

## CONCLUSION

For the foregoing reasons, the order of the District Court is DISMISSED in part and REVERSED in part, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court